**Daniel James MISKOWSKI aka Jami Naturalite, Plaintiff–Appellant,**

v.

**Bill MARTIN, Defendant–Appellee.**

No. 02–1721.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Daniel Miskowski, also known as Jami Naturalite, appeals the district court order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Miskowski sued Michigan Department of Corrections Director Bill Martin. Miskowski alleged that he was classified erroneously as a sex offender and that the imposition of special conditions of parole without a hearing violated his due process rights. He sought to have the classification removed from his prison and parole files. Miskowski was convicted of pandering in 1987, paroled in 1996, and violated special conditions of his parole in 1998 by contacting sixteen-year-old girls via e-mail and telephone. The magistrate judge reviewed Miskowski's complaint and recommended dismissing it for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1); 42 U.S.C. § 1997e(c). The district court adopted the magistrate judge's report and recommendation over Miskowski's objections and dismissed the complaint. The court held that Miskowski could not challenge the information in his files because it was accurate, and that he could not sue for damages over his parole revocation because he had not first had the revocation reversed or set aside.

In his timely appeal, Miskowski argues that: (1) he should be permitted to expunge his erroneous classification as a sex offender from his prison files; and (2) his designation as a sex offender violated his due process rights.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Upon review, we conclude that the district court properly dismissed Miskowski's complaint for failure to state a claim. In 1987, Miskowski was convicted of pandering, Mich. Comp. Laws § 750.455, and sentenced to ten to twenty years of imprisonment. In October 1995, the Michigan Sex Offender Registration Act went into effect. The Act requires criminals convicted of listed offenses to register with the police. Mich. Comp. Laws § 28.722-24. Pandering is a listed offense. *See* § 28.722(e)(viii). Miskowski was paroled in 1996 and classified as a sex offender. After receiving notice that Miskowski had been seen around children, Miskowski's parole agent recommended special conditions of parole. These included the requirement that Miskowski not contact children sixteen years old or younger. A parole agent later discovered that Miskowski had e-mailed and phoned several sixteen-year-old girls. Miskowski was arrested, convicted of violating the special conditions of his parole, and returned to prison.

■ Miskowski's complaint failed to state a claim. First, Miskowski had no right to have his classification as a sex offender removed from his file because that classification is accurate under Michigan law. *See Paine v. Baker,* 595 F.2d 197, 201 (4th Cir.1979); Mich. Comp. Laws § 28.722(e)(viii). Second, to the extent Miskowski sought to challenge the revocation of his parole, he could not do so through a § 1983 complaint because he has not demonstrated the invalidity of his parole revocation by either a Michigan state court or a federal habeas corpus decision. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief. *See id.* at 489–90; *Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Thus, the district court properly dismissed this portion of Miskowski's complaint.

■ Finally, Miskowski has failed to state a due process claim based on his classification as a sex offender. In *Fullmer v. Michigan Dep't of State Police,* 207 F.Supp.2d 650 (E.D.Mich.2002), *appeal docketed,* No. 02–1731 (6th Cir. June 10, 2002), the court held that the stigma of sex offender registration and the attendant alteration in the sex offender's legal status, taken together, create a constitutionally cognizable liberty interest. *Id.* at 661. This is sometimes called the "stigma plus" approach—stigma alone is inadequate, but stigma plus the deprivation of other rights previously afforded by state law is sufficient. *Id.* at 660. Thus, under the *Fullmer* theory, the government may not stigmatize a sex offender and alter his legal status under state law without a hearing. *Id.*

Although Miskowski's complaint, liberally read, complains about alterations in his legal status, he never alleges stigmatization.[1] Accordingly, Miskowski would fail to state a claim even under the *Fullmer* approach.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

1. Some courts have indeed held that sex offender registries are stigmatizing. *See, e.g. Doe v. Dep't of Pub. Safety,* 271 F.3d 38, 49 (2d Cir.2001) ("[P]ublication of the registry implies that each person listed is more likely than the average person to be currently dangerous...[t]his implication stigmatizes every person listed on the registry."); *Does v. Anthony Williams,* 167 F. Supp.2d 45, 51 (D.D.C.2001) ("[I]t is beyond dispute that public notification pursuant to the [D.C. sex offender registry] results in stigma.")